```
            UNITED STATES BANKRUPTCY COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                    RALEIGH DIVISION
```

IN RE:                                          CASE NO.

**WINFRED DALE HARRIS**                         04-01644-5-ATS

    **DEBTOR**

### ORDER CONSTRUING ORDER OF JANUARY 31, 2005

The matter before the court is the motion of Evelyn Harris, the spouse of the chapter 13 debtor Winfred Dale Harris, to reconsider the court's order of January 31, 2005, in which the court granted Eastern Savings Bank's motion for relief from the automatic stay with respect to property owned by the debtor and Mrs. Harris, located at 100 Arbordale Court in Cary, North Carolina.  The issue is whether the order granted "in rem" relief with respect to the real property, and Mrs. Harris seeks modification of the order so that it does not preclude the protection of the property by the automatic stay generated by her own bankruptcy petition, which was filed in the Middle District of North Carolina (No. 05-81362).

Mr. Harris filed a petition for relief under chapter 13 of the Bankruptcy Code on May 3, 2004, and Eastern Savings Bank, FSB filed a motion for relief from the automatic stay.  The motion requested that "said relief be 'in rem' relief as to this creditor and this property as Debtor's bankruptcies have delayed this creditor from being able to pursue its State court remedies for more than 2 years."  There was no

response to the motion, and an order was entered granting relief from the stay. The order provided that " 'in rem' relief is hereby granted to Eastern Savings Bank so that no bankruptcy filed by the Debtor or the Co-Debtor shall impair the rights of the Movant to foreclose on the herein-referenced property and pursue its State remedies under the Note and Deed of Trust." There was no appeal from the order.

Mrs. Harris argues that the *in rem* relief that was granted in the order of January 31 applies only to her spouse, and that principles of due process and equity dictate that she should have the protection of the automatic stay in her own chapter 13 case. She does not specifically address the questions of due process, notice and jurisdiction in her brief, but at the hearing she did offer several cases holding that non-debtor spouses or co-owners must be served with a summons naming them as defendants, in an adversary proceeding, if their rights in property are to be subjected to limitation through an order providing *in rem* relief. See In re Snow, 201 B.R. 968, 976 (Bankr. C.D. Ca. 1996); In re Amey, 314 B.R. 864, 870-71 (Bankr. N.D. Ga. 2004).

A bankruptcy court may, pursuant to 11 U.S.C. § 105, grant *in rem* relief from the automatic stay in favor of a creditor with respect to a debtor and non-debtor where the debtor and the non-debtor have abused the bankruptcy process with successive "tag-team" filings designed to frustrate a secured creditor's foreclosure rights. In re Price, 304

2

B.R. 769, 773 (Bankr. N.D. Ohio 2004); <u>see also</u> <u>In re Roeben</u>, 294 B.R. 840, 847 (Bankr. E.D. Ark. 2003) (grant of *in rem* relief does not require that property co-owner be subject to court's jurisdiction); <u>In re Yimam</u>, 214 B.R. 463, 466 (Bankr. D. Md. 1997)(bankruptcy court has power to issue an *in rem* order binding a nonparty spouse).

*In rem* relief is an extraordinary remedy, to be granted in extraordinary circumstances where ordinary relief will be ineffective. The request for *in rem* relief must be clear and unequivocal and the order granting the relief must clearly specify the effect of the *in rem* relief granted. In this case the language of Eastern Savings Bank's motion was not sufficiently specific to put Mrs. Harris on notice that she might not have the protection of the automatic stay if she filed a bankruptcy case in the future. The language of the order that was entered is more specific, but still does not clearly state that the automatic stay in a case filed by Mrs. Harris is not effective to protect her interest in the real property.

The court interprets the order of January 31 to mean that the automatic stay in any case filed by the debtor, Winfred Dale Harris, or by his spouse, Evelyn Harris, will not protect the interest of Mr. Harris in the property. There is no similar protection with respect to Mrs. Harris. In other words, the *in rem* relief provided in the order of January 31 relates to the interest of Mr. Harris in the real property and not to the interest of Mrs. Harris. Whether or not the

3

stay in Mrs. Harris's case should continue with respect to the interest of Mrs. Harris is a matter for the bankruptcy judge in that case to decide.

**SO ORDERED.**

DATED:   June 6, 2005

A. Thomas Small
United States Bankruptcy Judge